**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MELISSA HICKSON, Individually and MELISSA HICKSON as the DEPENDENT ADMINISTRATOR of the ESTATE OF MICHAEL HICKSON, DECEASED, and MELISSA HICKSON AS NEXT FRIEND OF MACKENZIE HICKSON; MACEO HICKSON AND MADISON HICKSON, all minors, AND MARQUES HICKSON,<br><br>Plaintiffs,<br>v. | ) | |
| | ) | Cause No. 1:21-cv-514 |
| ST. DAVID'S HEALTHCARE PARTNERSHIP, L.P., LLP, doing business as ST. DAVID'S SOUTH AUSTIN MEDICAL CENTER, DR. DEVRY ANDERSON, INDIVIDUALLY, HOSPITAL INTERNISTS OF TEXAS, DR. CARLYE MABRY CANTU, Individually, DR. VIET VO, Individually,<br>Defendants. | ) | |

**MOTION TO DISQUALIFY ATTORNEY MISSY ATWOOD AS COUNSEL FOR ST. DAVID'S HEALTHCARE PARTNERSHIP, L.P., L.L.P., & DR. DEVRY ANDERSON**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE LEE YEAKEL:**

COMES NOW, Melissa Hickson ("Plaintiff," and is sometimes referred to herein as "Mrs. Hickson") individually and as the Dependent Administrator of the Estate of Michael Hickson, Deceased (the "Estate"), and as the Next Friend of Mackenzie Hickson, Maceo Hickson and Madison Hickson, all minors; and Marques Hickson, respectfully moves this Hon. Court to disqualify Attorney Missy Atwood ("Attorney Atwood"), with the law firm of Germer Beaman & Brown PLLC, from representing Defendants St. David's Healthcare Partnership, L.P., LLP ("SDHP"), doing business as St. David's South Austin Medical Center and Dr. Devry Anderson

("Dr. Anderson") as Attorney Atwood is a material fact witness to the Plaintiff's Melissa Hickson's claim of intentional infliction of emotional distress against SDHP and Dr. Anderson.

## I. BACKGROUND

### A. Procedural History

Plaintiff, on June 11, 2021, filed a multi-count complaint on behalf of the Estate asserting disability-based discrimination, medical negligence, common-law negligence, and wrongful death against Defendant SDHP and two of its physicians. (Dkt. No. 1). Mrs. Hickson, individually, also asserts a claim of intentional infliction of emotional distress against Defendants SDPH and Dr. Anderson. (Dkt. No. 1, Count X). Mrs. Hickson's claim of intentional infliction of emotional distress arises out of a series of acts and omissions of Defendant SDHP's employees and agents from June 5, 2020, through July 2, 2020. (Dkt. No. 1 at ¶ ¶ 9, 52, 55 & 158-169). Specifically, as to Dr. Anderson's actions, Mrs. Hickson alleges that on July 2, 2020, Dr. Anderson intentionally inflicted emotional distress upon her when he published a statement on SDHP's website impermissibly disclosing certain of Mr. Hickson's protected health information and assailing Mrs. Hickson's character and demeaning her. (*Id*., at ¶ 168).

On October 1, 2021, SDHP filed a motion to dismiss four of the claims asserted against SDHP, including the claim of intentional infliction and emotional distress against SDHP and Dr. Anderson. (Dkt. No. 11). On October 29, 2021, Plaintiffs filed their response to the motion to dismiss. (*Id.*, No. 20). On November 4, 2021, SDHP filed an unopposed motion for extension of time to reply to Plaintiff's response to the motion to dismiss, (*Id.*, No. 25), and the Court granted that motion.

### B. Factual History

On March 10, 2021, Plaintiffs filed a multi-count petition in the District Court of Travis County, Texas, 126[TH] Judicial District, Cause No. D-1-GN-21-001080, against Family Eldercare, Inc. ("Family Eldercare"), a professional guardianship program, and two of its individual employees, who served as court appointed temporary legal guardians of the ward of Mr. Michael Hickson (the "State Court Action"). Those defendants acted in that capacity at all times that Mr. Hickson was a patient at SDHP in June 2020. Discovery conducted by the Plaintiffs in the State Court Action revealed that Attorney Atwood wrote to the probate court that appointed Family Eldercare as Mr. Hickson's temporary guardian, on June 30, 2020, requesting non-certified and electronic copies of certain documents pertaining to Mr. Hickson's guardianship, namely, a February 12, 2020 investigator report; a February 19, 2020 attorney *Ad Litem* report; a February 25, 2020 amended order granting temporary guardianship to Family Eldercare; and a June 17, 2020 Guardian *Ad Litem* Report. *See* Attorney Atwood's June 30, 2020 letter to the Travis County Probate Court No. 1, attached hereto as Exhibit A. Attorney Atwood requested those documents 19 days after Mr. Hickson's demise and three days before Dr. Anderson posted his statement regarding Mr. and Mrs. Hickson on SDHP's website, which forms, one of the bases for Mrs. Hickson's claim of intentional infliction of emotional distress. As an attorney, Ms. Atwood reasonably should have known that Mr. Hickson's temporary guardianship terminated upon Mr. Hickson's death. There was absolutely no reason that the Defendants or their attorney would have a legitimate need for Mr. Hickson's records from the Probate Court after his demise. Certain of the facts contained in those guardianship documents were the basis of and were included in Dr. Anderson's derogatory written statement about Mrs. Hickson that was published on SDHP's website on July 2, 2020, two days after Attorney Atwood requested those documents.

On July 7, 2021, in a telephone conversation between one of Plaintiffs' counsel, Andrés J. Gallegos, and Attorney Atwood, regarding Attorney Atwood's request for 90 days by which to answer the Complaint on behalf of Defendants, Attorney Gallegos informed Attorney Atwood of the disclosure of her request for documents from the probate court. *See* the Declaration of Andrés J. Gallegos, attached hereto as Exhibit B. Attorney Gallegos further informed Attorney Atwood, that her actions on behalf of her clients, SDHP and Dr. Anderson, were an inextricable part of her clients' complained of actions and, therefore, made her a necessary fact witness relating to Mrs. Hickson's claim of intentional infliction of emotional distress. *Id*. He requested that Attorney Atwood voluntarily recuse herself from representing SDHP and Dr. Anderson. *Id*. Attorney Gallegos stated that he would agree to the 90-day extension to file responsive pleadings in order to permit SDHP to locate alternative counsel. *Id.* Attorney Atwood responded that she would take the request to her client. *Id.* Subsequently, on September 30, 2021, in an email exchange between Attorney Gallegos and Attorney Atwood regarding Attorney Atwood's request to file a motion to dismiss in excess of page limits, Attorney Atwood confirmed that she intends to continue to represent SDHP as that is SDHP's preference. *Id.*

## II. APPLICABLE LAW

"The proscription against an attorney serving as both an advocate and a witness in the same litigation is a long-standing ethical rule." *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995). "Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *Stonecoat of Texas, LLC v. Procal Stone Design, LLC*, No. 4:17-CV-00303, 2019 WL 9899506, at *7 (E.D. Tex. Mar. 8, 2019) (Citing *In re Dresser Indus., Inc.*, 972 F.2d 540, 544 (5th Cir. 1992)). The Fifth Circuit has stated that "disqualification cases are governed by state and national ethical standards adopted by the

court." *Henry v. City of Sherman, Texas,* No. 4:17-CV-00313-ALM, 2017 WL 6268744, at *1 (E.D. Tex. Dec. 8, 2017) (quoting *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311–12 (5th Cir. 1995) (quoting *In re Am. Airlines, Inc.*, 972 F.3d 605, 610 (5th Cir. 1992)). "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995). In the Fifth Circuit, when considering disqualification of an attorney, district courts generally rely upon the following: (1) the local rules in the district; (2) the American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct. *Stonecoat of Texas, LLC* 2019 WL 9899506, at *7 (Citing *Jackson v. City of Sherman, Texas*, No. 4:16-CV-774-KPJ, 2018 WL 621259, at *2 (E.D. Tex. Jan. 30, 2018) and *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 714 (S.D. Tex. 1999). "A court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel." *Stonecoat of Texas, LLC*, 2019 WL 9899506, at *7 (Citing *Jackson*, 2018 WL 621259, at *2 (quoting *Woods v. Covington Cty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976) (citing *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564–65 (2d Cir. 1973)).

Texas Disciplinary Rule of Professional Conduct 3.08(a) states: "A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that a lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client ..." TEX. DISCIPLINARY R. OF PROF'L CONDUCT § 3.08(a). The rule includes certain exceptions, none of which are applicable here. *Id.*, at § 3.08(a)(1) – (5). Similarly, the American Bar Association ("ABA") Model Code of

Professional Responsibility Rule 3.7(a)provides: "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client. *See* ABA Model Rule 3.7 Lawyer as Witness Comment. Rule 3.7 allows for disqualification of an attorney who is "likely to be a necessary witness." Rule 3.7(a). In addition, the ABA Model Code of Professional Responsibility cautions against a lawyer serving both as a witness and advocate. *See* ABA Model Code of Professional Responsibility, EC 5-9 & EC 5-10.

"A lawyer is not likely to be a necessary witness when evidence pertaining to each matter to which he could testify is available from another source." *McNeil v. Sullivan,* No. CV 17-481-SDD-SDJ, 2020 WL 7342397, at *3 (M.D. La. Dec. 14, 2020) (Citing *Nguyen v. La. State Bd. of Cosmetology*¸ No. 14-80, 2014 WL 6801797, at *2 (M.D. La. Dec. 2, 2014), *citing U.S. v. Starnes*, 157 F.App'x 687, 693-94 (5th Cir. 2005)). To determine whether an attorney is "likely to be a necessary witness," courts have identified three elements that must be established: (1) the attorney will give evidence material to the determination of the issues being litigated; (2) the evidence cannot be obtained elsewhere; and (3) the testimony of the attorney is prejudicial or potentially prejudicial to their client. *In re Royal Alice Props., LLC,* No. 19-12337, 2020 WL 2373993, at *4 (E.D. La. May 11, 2020) (citations omitted). A movant must prove that the attorney's testimony is necessary, meaning the testimony is unavailable from another source. *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006).

**III. ARGUMENT.**

Defendants' counsel, Attorney Missy Atwood, is a material witness to Mrs. Hickson's claim for intentional infliction of emotional distress against SDHP and Dr. Anderson on the issue of the Defendants' July 2, 2020 public statement. Thus, if the Court denies Defendants' pending

motion to dismiss Count X, Mrs. Hickson's claims for intentional infliction of emotional distress against SDHP and Dr. Anderson, Mrs. Hickson respectfully requests that her Motion to Disqualify Defendants' counsel be granted.

At the relevant times to the occurrence alleged in Count X, Ms. Atwood served as Defendants' counsel. Mrs. Hickson has a genuine need to call Attorney Atwood as material fact witness. Attorney Atwood's testimony is material evidence relating to the element of intent in Count X. Specifically, Attorney Atwood's testimony is necessary regarding her actions on behalf of the Defendants in obtaining information from the Probate Court after Mr. Hickson's death and how that information came to be included in Dr. Anderson's statement—used for the sole purpose of assailing Mrs. Hickson's character—which was posted on SDHP's website on July 2, 2020. Testimony as to the purpose for which the guardianship documents were requested 19 days after Mr. Hickson's demise, who suggested and determined to include certain information contained therein in the SDHP media posting, and the intent of the parties in doing so, are material to Mrs. Hickson's prosecution of a claim of intentional infliction of emotional distress against SDHP and Dr. Anderson. Evidence as to Attorney Atwood's actions cannot be obtained by other witness, particularly if Attorney Atwood authored or participated in the authoring of the offending statement for her client. *See, In re Bahn*, 13 S.W.3d 865, 874 (Tex. App.—Fort Worth 2000, orig. proceeding) (holding lawyer was disqualified because his testimony was necessary to establish essential element of plaintiff's claim); *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 715–17 (S.D. Tex. 1999) (holding lawyer was disqualified under lawyer-witness rule because lawyer had knowledge of material facts based on his authorship of several letters that were necessary evidence).

Moreover, the communications by and between Attorney Atwood, SDHP personnel and Dr. Anderson, and with Family Eldercare personnel, with respect to requesting those guardianship documents, and communications with respect to iterative drafts of the media posting will also be material to Mrs. Hickson's prosecution of that claim. Portions of such communications will likely not be considered "privileged communications" as a press release, and its iterative drafts, by its very nature, is meant for the public eye and is not privileged, particularly if the communication was not for the purpose of obtaining legal advice, but for strategic marketing or public relations advice. *See Hodges, Grant & Kaufmann v. United States Government*, 768 F.2d 719, 720–21 (5th Cir.1985); *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.,* No. CIV.A. 03-1496, 2004 WL 1299042, at *8 (E.D. La. June 4, 2004) (A press release, by its very nature, is meant for the public eye and is not privileged) (Citing *Rubel v. United States*, 1998 WL 167270 (W.D.N.C. Aug. 26, 1998) (commenting that "as a matter of definition, press releases containing only public information are not disclosures ..."); *In re 3 Com Corp. Securities Litigation,* 1992 WL 456813 at *1 (N.D.Cal. Dec.10, 1992) (granting the plaintiff's motion to compel the production of four draft press releases, concluding that no privilege exists where the principal purpose for the communication was not to solicit legal advice, but essentially to secure business advice); *Calvin Klein Trademark Trust v. Wachner,* 124 F.Supp.2d 207, 209 (draft press release not protected because it disclosed neither confidential communications nor was created for the purpose of seeking legal advice).

## IV. REQUEST FOR RELIEF.

Plaintiff Melissa Hickson respectfully requests that, should the Court determine that her claim for intentional infliction of emotional distress against SDHP and Dr. Anderson survive Defendants' motion to dismiss, this Court disqualify Attorney Atwood from representing SDHP

and that Dr. Anderson and grant her Motion to Disqualify Attorney Atwood, and any other relief to which she is justly entitled.

Dated: November 17, 2021

Respectfully Submitted,

By: /s/ *Jennifer M. Sender*
Jennifer M. Sender, Esq.

Mark Whitburn, Esq.
Texas Bar Number: 24042144
Sean Pevsner, Esq.
Texas Bar Number: 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Boulevard, Suite 600
Arlington, Texas 76006
Telephone: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com
spevsner@whitburnpevsner.com

Jennifer M. Sender, Esq.
*Pro hac vice*
Andrés J. Gallegos Esq.
*Pro hac vice*
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle, Suite 3300
Chicago, IL 60601
Telephone: (312) 782–9000
Fax: (312) 782-6690
jsender@rsplaw.com
agallegos@rsplaw.com

## CERTIFICATE OF FILING AND SERVICE

I certify by my signature below that I caused a true and correct copy of the foregoing document to be filed on November 17, 2021, via the Court's CM/ECF filing system which will electronically serve same on all parties registered for this case.

/s/ *Jennifer M. Sender*
Jennifer M. Sender, Esq.
One of Plaintiff's Attorneys

Mark Whitburn, Esq.
Texas Bar Number: 24042144
Sean Pevsner, Esq.
Texas Bar Number: 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Boulevard, Suite 600
Arlington, Texas 76006
Telephone: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com
spevsner@whitburnpevsner.com

Jennifer M. Sender, Esq.
*Pro hac vice*
Andrés J. Gallegos Esq.
*Pro hac vice*
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle, Suite 3300
Chicago, IL 60601
Telephone: (312) 782–9000
Fax: (312) 782-6690
jsender@rsplaw.com
agallegos@rsplaw.com

# EXHIBIT A

**EXHIBIT A**

Filed: 6/30/2020 1:18 PM
Dana DeBeauvoir
Travis County Clerk
C-1-PB-19-001694
Lorie Hernandez

GERMER
ATTORNEYS AT LAW

AUSTIN BEAUMONT HOUSTON
www.germer.com

MISSY ATWOOD
PRINCIPAL
BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

Direct Dial: 512.482.5171
matwood@germer-austin.com

June 30, 2020

*Via E-file*
Clerk of the Court
Travis County Probate Court No. 1
1000 Guadalupe
Room 217
Austin, Texas 78701

Re: Cause No. C-1-PB-19-001694; In the Guardianship of Michael Hickson, an Alleged Incapacitated Person; in the Probate Court No. 1 of Travis County, Texas.

Dear Clerk of the Court:

This letter shall serve as a request for the following filings in the above-mentioned case:

1. Investigator Report – 2/12/20 - # 869339 (6 pages)
2. Attorney ad litem report (Marilyn G. Miller) – 2/19/20 - # 870968 (2 pages)
3. Amended order granting temporary guardianship to Family Eldercare (entered 2/25/20) – # 872479 (2 pages)
4. Guardian Ad Litem Report to Court, Waiver of Attorney's Fees & Request for Discharge – 6/17/20 - # 901438 (3 pages)

Please note we do not need certified copies of these filings and are enclosing $13.00 in filing fees to be applied towards acquiring copies. Please email the documents to the email listed in the above letterhead as well as blazenby@germer-austin.com.

Sincerely,

*/s/ Missy Atwood*

Missy Atwood

MKA/bl
Enclosure

UNOFFICIAL

# EXHIBIT B

## **DECLARATION OF ANDRÉS J. GALLEGOS, ESQ.**

I, Andrés J. Gallegos, Esq., declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that if called to testify under oath in this case, I would state the following based upon my personal knowledge:

1. I am an attorney in private practice in Chicago, Illinois, and have been practicing law since 1993.

2. I am one of the attorneys representing Mrs. Melissa Hickson ("Mrs. Hickson"), individually, and in her capacity as Dependent Administrator of the Estate of Mr. Michael Hickson, Deceased, in her lawsuit against St. David's Healthcare Partnership, LP, LLP ("SDHP"), *et al*, filed on June 11, 2021, in the US District Court for the Western District of Texas, Austin Division, captioned *Melissa Hickson, individually, et al. v. St. David's Healthcare Partnership, LP, LLP, et al.*, Cause No. 1:21-cv-514.

3. On July 7, 2021, I participated in a telephone conversation with Attorney Missy Atwood ("Attorney Atwood"), regarding Attorney Atwood's request for 90 days by which to answer Mrs. Hickson's complaint against her clients, SDHP and Dr. Devry Anderson. During that conversation, I discussed with Attorney Atwood the disclosure of a June 30, 2020 letter from her to the Travis County Probate Court No. 1, seeking certain documents pertaining to Mr. Hickson's guardianship, namely, a February 12, 2020 investigator report; a February 19, 2020 attorney *Ad Litem* report; a February 25, 2020 amended order granting temporary guardianship to Family Eldercare; and a June 17, 2020 Guardian *Ad Litem* Report.

4. I explained to Attorney Atwood that her requesting those documents 19 days after the demise of Mr. Hickson was likely not for the rendering of legal advice to her clients, but was done so for the purpose of deriving information for inclusion in Dr. Anderson's media posting for

purposes of retaliating against Mrs. Hickson's public statements decrying the death of her husband at SDHP. I further explained that made her a necessary fact witness to Mrs. Hickson's claims of intentional infliction of emotional distress against her clients and asked Attorney Atwood to recuse herself from representing her clients.

5. I conveyed my acquiescence to her request for a 90-day extension to file responsive pleadings as it would provide her client with ample time by which to find a substitute counsel. Attorney Atwood responded by informing me she would address that issue with her client.

6. On September 30, 2021, in an email exchange with Attorney Atwood regarding Attorney Atwood's request to file a motion to dismiss in excess of page limits, Attorney Atwood confirmed that she intends to continue to represent SDHP and said that is SDHP's preference.

Executed on the 17th day of November 2021.

/s/ *Andrés J. Gallegos*
Andrés J. Gallegos, Esq.