IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELISSA HICKSON ET AL., <br> PLAINTIFFS, | § § § § | |
| V. | § § § | |
| ST. DAVID'S HEALTHCARE PARTNERSHIP, L.P., LLP, DOING BUSINESS AS ST. DAVID'S SOUTH AUSTIN MEDICAL CENTER ET AL., <br> DEFENDANTS. | § § § § § § | CAUSE NO. 1:21-CV-514-LY |

FILED
SEP 6 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## ORDER ON REPORT AND RECOMMENDATION

Before the court in the above-referenced cause are Defendants Carlye Mabry Cantu, M.D. and Hospital Internists of Texas's Motion to Dismiss (Doc. #10), Defendant St. David's Healthcare, L.P., LLP's ("St. David's") Motion to Dismiss (Doc. #11), Defendant Viet Vo, M.D.'s Motion to Dismiss (Doc. #13), Plaintiffs' Motion to Disqualify (Doc. #31), and all responses and replies, which were referred to a United States Magistrate Judge for Report and Recommendation. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72; Loc. R. W.D. Tex. App'x C, R. 1(d). The magistrate judge rendered a Report and Recommendation on August 8, 2022 (Doc. #44), recommending that the court grant the three motions to dismiss and dismiss the motion for disqualification as moot.

A party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge within 14 days after being served with a copy of the report and recommendation and thereby secure *de novo* review by the district court. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A party's failure to timely file written objections to the

proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiffs filed objections to the Report and Recommendation on August 22, 2022 (Doc. #45). In light of the objections, the court will undertake a *de novo* review of the record and applicable law in this case.

Plaintiffs first object to the magistrate judge's recommendation to dismiss the claims under the Rehabilitation Act and the Patient Protection and Affordable Care Act (the "Acts"). *See* 29 U.S.C. § 794; 42 U.S.C. § 18116. Plaintiffs argue that the applicable sections of the Acts prohibit disability-based discrimination in healthcare contexts, which, Plaintiffs argue, provide distinct claims unrelated to medical malpractice. The court agrees with the magistrate judge that Plaintiffs' claims ultimately relate to medical-treatment decisions, which are not the type of disability-based claims envisioned under the Acts. *See Kim v. HCA Healthcare, Inc.*, 2021 WL 859131, at *2 (N.D. Tex. Mar. 7, 2021); *Guthrie v. Niak*, 2017 WL 770988, at *14 (S.D. Tex. Feb. 28, 2017).

Plaintiffs also object to the magistrate judge's recommendation to dismiss Plaintiffs' Fourteenth Amendment civil-rights claims. *See* 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs argue that the magistrate judge erred in concluding that Plaintiffs failed to plausibly allege that Defendants—all private actors—acted under color of state law. The court agrees with the magistrate judge's analysis of Plaintiffs' claims under Section 1983. Having reviewed the objections and entire case file, the court will overrule Plaintiffs' objections and accept and adopt the magistrate judge's Report and Recommendation for substantially the reasons stated therein.

**IT IS THEREFORE ORDERED** that Plaintiffs' objections to the Report and Recommendation (Doc. #45) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the United States Magistrate Judge's Report and Recommendation (Doc. #44) filed in this cause is **APPROVED** and **ACCEPTED** by the court.

**IT IS FURTHER ORDERED** that Defendants Carlye Mabry Cantu, M.D. and Hospital Internists of Texas's Motion to Dismiss (Doc. #10) is **GRANTED** as follows: Plaintiffs' informed-consent negligence claims (Count 5), failure-to-guide negligence claims (Count 6), and Section 1983 claims (Count 8) against Cantu and Hospital Internists of Texas are **DISMISSED WITH PREJUDICE**. Plaintiffs' negligence, negligence *per se*, and wrongful-death claims (Counts 3, 4, 7, and 9) against Cantu and Hospital Internists of Texas remain pending before the court.

**IT IS FURTHER ORDERED** that Defendant St. David's Healthcare, L.P., LLP's Motion to Dismiss (Doc. #11) is **GRANTED** as follows: Plaintiffs disability-based discrimination claims under the Acts (Counts 1 and 2), informed-consent negligence claims (Count 5), Section 1983 claims (Count 8), and intentional-infliction-of-emotional-distress claims (Count 10) against St. David's are **DISMISSED WITH PREJUDICE**. Plaintiffs' negligence and wrongful-death claims (Counts 7 and 9) against St. David's remain pending before the court.

**IT IS FURTHER ORDERED** that Defendant Viet Vo, M.D.'s Motion to Dismiss (Doc. #13) is **GRANTED** as follows: Plaintiffs' failure-to-guide negligence claims (Count 6) and Section 1983 claims (Count 8) against Vo are **DISMISSED WITH PREJUDICE**. Plaintiffs' negligence, negligence *per se*, and wrongful-death claims (Counts 3, 4, and 9) against Vo remain pending before the court.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Disqualify (Doc. #31) is **DISMISSED** in light of the court's dismissal of Plaintiffs' intentional-infliction-of-emotional-distress claims.

SIGNED this ___6th___ day of September, 2022.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE