UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MELISSA HICKSON, INDIVIDUALLY AND AS THE INDEPENDENT ADMINISTRATOR OF THE ESTATE OF MICHAEL HICKSON, DECEASED AND AS NEXT FRIEND OF M.H, M.H. AND M.H. (ALL MINORS); and MARQUES HICKSON,** | § § § § § § § § § | |
| **Plaintiffs,** | § § | **CIVIL NO. A-21-CV-00514-ADA** |
| v. | § § | |
| **ST. DAVID'S HEALTHCARE PARTNERSHIP, L.P., LLP, HOSPITAL INTERNISTS OF TEXAS, CARLYE MABRY CANTU, and VIET VO,** | § § § § § § | |
| **Defendants.** | § | |

## ORDER GRANTING DEFENDANTS' <u>JOINT MOTION FOR SUMMARY JUDGMENT</u>

Plaintiffs filed this healthcare liability lawsuit following the death of Mr. Michael Hickson after he contracted COVID-19. ECF No. 1. The remaining causes of actions pending in this lawsuit are Plaintiff Melissa Hickson's medical malpractice claims against Defendants St. David's Healthcare Partnership, L.P., LLP, Dr. Viet Vo, Dr. Mabry Cantu, and Hospital Internists of Texas (collectively, "Defendants"). *See* ECF Nos. 47, 49. Defendants now move for summary judgment as a matter of law. ECF No. 81. After careful consideration of Defendants' Motion for Summary Judgment, the relevant facts, and the applicable law, the Court **GRANTS** Defendants' Motion.

**LEGAL STANDARD**

Defendants filed their Joint Motion for Summary Judgment on September 4, 2024. Pursuant to Local Rule CV-7(d)(2), a response to the Motion was due September 18, 2024. As of October 23, 2024, no response has been filed. While Local Rule CV-7(d)(2) provides that "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed," the Fifth Circuit has indicated that "[a] motion for summary judgment cannot be granted simply because there is no opposition." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (unpublished) (quoting *Hibernia Nat'l Bank v. Administracion Cent. S.A.*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Id.*

**DISCUSSION**

Plaintiff Melissa Hickson's remaining medical malpractice claims against Defendants allege various forms of negligence. *See* ECF No. 1 at ¶¶ 75–86 (Count III), 87–93 (Count IV), 121–29 (Count VII). Plaintiffs also assert medical malpractice under the Texas Wrongful Death Act. *Id.* at ¶¶ 143–52 (Count IX). Under Texas law, when the negligence alleged is in the nature of medical malpractice, plaintiffs have the burden of proving (i) a duty by the physician or hospital to act according to an applicable standard of care; (ii) a breach of that standard of care; (iii) an injury; and (iv) a causal connection between the breach of care and injury. *See Quijano v. United States*, 325 F.3d 564, 567–78 (5th Cir. 2003) (citations omitted).

"Texas courts have long recognized the necessity of expert testimony in medical-malpractice cases." *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 876–77 (Tex. 2001) (citations omitted). All four elements require expert medical testimony. *See Quijano*,

Case 1:21-cv-00514-ADA   Document 82   Filed 10/23/24   Page 3 of 5

325 F.3d at 567–58 (noting that "[t]he standard of care is a threshold issue which the plaintiff must establish before the fact finder . . . consider[s] whether the defendant breached that standard of care" and that "[e]xpert testimony is generally required to prove the applicable standard of care"); *Rayburn v. United States*, 47 F.3d 426 (5th Cir. 1995) ("A plaintiff in a Texas medical malpractice action is required to provide expert medical testimony demonstrating familiarity with the pertinent standard of care, explaining that the defendant breached the standard of care, and indicating that the breach proximately caused the injury.").

Here, it is undisputed that Plaintiffs have not designated an expert regarding (i) the standard of care applicable to Defendants, (ii) any alleged breach of the applicable standard of care by Defendants, or (iii) a causal connection between any alleged breach of care by Defendants and Mr. Hickson's death. *See* ECF No. 81 at 12–13. Plaintiffs have had over a year to designate experts, which included multiple extensions of time. *See id.* at 7–10. At this time, the Court determines that Plaintiffs will not have an expert for trial. "[T]here can be no other guide [than expert testimony], and where want of skill and attention is not thus shown by expert evidence applied to the facts, there is no evidence of it proper to be submitted to the jury." *Am. Transitional Care*, 46 S.W.3d at 876.

Plaintiffs' need for and lack of expert testimony alone warrants summary judgment. *See Patel v. Baluyot*, 384 F. App'x 405, 409 (5th Cir. 2010) (holding that defendants met their summary judgment burden because it was "undisputed that [plaintiff] neither designated nor hired an expert to testify on his behalf"); *Stewart v. United States*, 293 F. App'x 272, 273 (5th Cir. 2008) ("[T]he district court determined that [plaintiff] was not going to have an expert for trial [regarding medical malpractice claims] and therefore correctly granted the [defendant] summary judgment, determining it was entitled to judgment as a matter of law."); *Blank v.*

3

*United States*, 713 F. App'x 400, 401 (5th Cir. 2018) ("[T]he district court did not err in granting summary judgment given [plaintiff's] failure to provide expert testimony as required by the relevant medical malpractice laws of Louisiana and Texas."); *Nichols v. United States*, No. 21-50368, 2022 WL 989467, at *4 (5th Cir. Apr. 1, 2022) (affirming summary judgment because plaintiff's claims were health-care-related negligence claims requiring expert testimony that plaintiff lacked).

As an independent basis for summary judgment, there is also no dispute regarding the lack of causal connection between Defendants' alleged breach of the standard of care and the injury. Under the Wrongful Death Act, a plaintiff must demonstrate that the defendant's wrongful actions more likely than not caused the decedent's death—not just that they reduced the decedent's chance of survival by some lesser degree. *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 264–65 (5th Cir. 2016) (citing *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 404 (Tex. 1993)). Relatedly, "[a] healthcare provider may prove its right to summary judgment by establishing there is no causal connection between any breach of the standard of care and the injury." *Hevron v. Pearl*, No. 05-97-02067-CV, 2000 WL 190525, at *3 (Tex. App.—Dallas Feb. 17, 2000, pet. denied).

In this case, Defendants' expert submitted sworn statements opining that, based on the clinical circumstances present at the time Mr. Hickson was admitted, his medical condition was such that the likelihood of his survival was "clearly less than 50% within reasonable medical probability." ECF No. 81-5 at ¶ 15. Thus, Defendants' evidence affirmatively negates the essential element of causation. For this independent reason, Defendants are entitled to summary judgment in this case. *See, e.g., Hernandez v. Calle*, 963 S.W.2d 918, 921 (Tex. App.—San Antonio 1998, no pet.) (affirming summary judgment in medical-malpractice case because

4

"[defendant's] uncontroverted affidavit denying any casual connection between his and Santa Rosa Hospital's acts or omissions and [plaintiff's] injuries is sufficient to conclusively negate an essential element of the plaintiff's cause of action").

## CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine issues of material fact, and that Defendants are entitled to summary judgment as a matter of law. Therefore, the Court **GRANTS** Defendants' Motion for Summary Judgment. Accordingly, the Court **ORDERS** that Plaintiffs' remaining claims be **DISMISSED WITH PREJUDICE** and respectfully directs the Clerk of Court to close the case.

**SIGNED** this 23rd day of October, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE